Dear Mr. Rebman:
You pose two alternative questions relating to the Missouri Human Rights Act ("MHRA"), Chapter 213, RSMo, resulting from an inquiry from the U.S. Department of Housing and Urban Development ("HUD") to the Missouri Commission on Human Rights. The HUD questions apparently arise because of differences between the MHRA and the federal Fair Housing Act.
You asked:
 Does the Missouri Human Rights Act (MHRA), Chapter 213, RSMo, prohibit coercion, intimidation, threats, harassment, and interference in the exercise and enjoyment of the right to fair housing as guaranteed by that Act? Or, stated another way, does the MHRA prohibit acts of coercion, mtimidation, and harassment based on race, color, religion, national origin, ancestry, sex, disability, or familial status taken against a person who is simply living peacefully in his or her house?
Before addressing your questions, we note that despite the differences in wording between the MHRA and federal law, Missouri courts have generally followed federal precedent. Indeed, the rule in Missouri is that courts are to follow the interpretation of the federal anti-discrimination laws except where the MHRA language calls for a different result: *Page 2 
 In deciding a case under the MHRA, appellate courts are guided by both Missouri law and federal employment discrimination caselaw that is consistent with Missouri law. . . . Missouri's discrimination safeguards under the MHRA, however, are not identical to the federal standards and can offer greater discrimination protection. See, e.g., Brady v. Curators ofUniv. of Mo., 213 S.W.3d 101, 112-13 (Mo.App. 2006) (discussing that MHRA federal Title VII are "coextensive, but not identical, acts" and MHRA is "in some ways broader than Title VII, and in other ways is more restrictive"). "If the wording in the MHRA is clear and unambiguous, then federal caselaw which is contrary to the plain meaning of the MHRA is not binding." Id. at 113.
Dougherty v. City of Maryland Heights,231 S.W.3d 814, 818 (Mo. banc 2007).
The federal Act that you reference in your inquiry provides:
 It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.
42 U.S.C. § 3617. The federal law thus protects persons in protected classes from attempts to interfere with the fair housing rights provided by the referenced federal statutes.
The MHRA does not have a parallel provision. It does, however, reach the approximately same result by other means.
Section 213.040.1(1) prohibits unlawful housing practices based on a person's protected status. Section 213.040.1(2) states that it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, . . . because of race, color, religion, national origin, ancestry, sex, disability, or familial status." Section 213.040.1(6) further provides that it is unlawful to dscriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of a disability. And § 213.070 describes as an unfair discriminatory practice: *Page 3 
 (1) To aid, abet, incite, compel, or coerce the commission of acts prohibited under this chapter or to attempt to do so;
 (2) To retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter . . . [or]
 . . . .
 (4) To discriminate in any manner against any other person because of such person's association with any person protected by this chapter.
"Discrimination" is defined in the MHRA as "any unfair treatment based on race, color, religion, national origin, ancestry, sex, age as it relates to employment, disability, or familial status as it relates to housing" § 213.010(5).
These provisions of the MHRA effectively parallel 42 U.S.C. § 3617: by prohibiting all `Hrnfair treatment" based on "disability," they provide protection from any kind of retaliation, mtimidation, threats, or interference with fair housing rights. The fair housing rights provided under the MHRA essentially parallel those of the federal law {compare, e.g., 42 U.S.C. § 3604 with § 213.040). Thus § 213.070(2) prohibits harassment with regard to housing rights as does 42 U.S.C. § 3617.
 CONCLUSION
The Missouri Human Rights Act protects from coercion, mtimidation, and harassment based on race, color, religion, national origin, ancestry, sex, disability, or familial status any person who exercises their fair housing rights under the Missouri Human Rights Act.
 Very truly yours
 _________________________ CHRIS KOSTER Attorney General *Page 1